UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

KITIPONG RODPRACHA, et al.,

                              Plaintiffs,

          -against-

PONGSRI THAI RESTAURANT CORP., et al.,

                              Defendants.

---------------------------------------------------------------

14cv02451 (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this wage-and-hour case, which is before this Court on consent of the parties pursuant to 28 U.S.C. § 636(c), the parties have filed a renewed motion for preliminary approval of a proposed hybrid settlement agreement that would cover both a Rule 23 class (with respect to Plaintiffs' claims under the New York Labor Law ("NYLL")) and a collective (with respect to Plaintiffs' claims under the Fair Labor Standards Act (the "FLSA")).  (*See* Dkt. 120.)

The Court had denied the parties' original motion for preliminary settlement approval after holding a conference with counsel on January 31, 2020, during which the Court laid out the many parts of the proposed agreement and accompanying submissions that it found inconsistent and confusing, but after which the parties failed to submit revised papers.  (*See* Dkt. 119.) Apparently, counsel took no notes at that conference and could neither recall what the Court had told them nor identify the issues on their own, and – once the Court denied the motion on March 5, 2020 – they sought another conference to inquire, again, as to what the problems were. The Court accommodated counsel with another conference on March 19, 2020, at which it reminded counsel of the concerns it had previously expressed, and urged counsel, most importantly, *to read through all of their documents carefully*, so as to be sure that they made sense and would be clear to potential members of the settlement class and collective.

The parties then submitted revised documents, including a revised proposed Settlement Agreement (Dkt. 122-1), Notice of Proposed Settlement and Right To Opt Out ("Notice") (Dkt. 122-2), and Claim Form (Dkt. 122-3) (collectively, the "Settlement Documents"), which the Court has now reviewed.  Unfortunately, the Court again finds problems, in terms of inconsistencies, lack of clarity, and, in more than one instance, the proposed provision of incorrect information to potential recipients of the Notice, with respect to their legal rights.  This time, to avoid any misunderstandings by counsel, the Court will detail these problems in writing, as follows:

1.    None of the Settlement Documents explain that there is a difference between a Rule 23 settlement "class" under the NYLL and a "collective" under the FLSA.  The principal conceptual error arises here in the situation where a potential class member has previously taken no action, and then (after receiving notice of the settlement) continues to take no action, with respect to this case – in other words, where an individual who could be covered by the proposed settlement has not affirmatively opted into the FLSA collective, does not go on to submit the Claim Form, and also does not proceed to send a letter to the settlement administrator expressing a wish to be excluded from the settlement.  As the Settlement Documents currently read, such an individual would forfeit not only his or her NYLL claims, *but also his or her FLSA claims*.  (*See* Settlement Agreement, at Section IV(D)(1); Notice, at 2 ("What Are My Rights?"), 4 ("What Did I Give Up as a Result Of his Settlement?"); Claim Form, at Sections II, III.)  Yet, under the FLSA, an individual must opt into a collective for his or her FLSA claims to be resolved via the mechanism of the collective, *see* 29 U.S.C. § 216(b), and an individual who chooses *not* to opt in cannot then be held to have released his or her FLSA claims by a collective settlement, *see Brack v. MTA New York City Transit*, No. 18-CV-846-SJB, 2019 WL 1547258, at *5 (E.D.N.Y.

Apr. 9, 2019) (in settling FLSA claims, "[individuals who] do not wish to be bound by the settlement – because they object to the scope of the release, the amount of the settlement compensation, or for any reason at all – [] need only chose not to opt in.  If they do not opt in, they are not bound in any way by the [] settlement"), *appeal withdrawn sub nom. Sterbenz v. Brack*, No. 19-1304, 2019 WL 3526374 (2d Cir. July 16, 2019).

The same is not true for a Rule 23 class, which, provided the Rule 23 criteria are satisfied, may be appropriate as a settlement vehicle for NYLL claimants.  In the class-action context, a potential class member must affirmatively "opt out," in order not to be bound by a class settlement.  Thus, while it would be appropriate for potential class members who take no action here with respect to the parties' settlement to be held to have released their *NYLL* claims, it would be legally incorrect to inform such persons that their inaction will also serve to waive their *FLSA* claims.  *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103-04 (S.D.N.Y. 2003) ("Unlike a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23, in an FLSA collective action, only potential plaintiffs who opt in can be bound by the judgment." (internal quotations and citation omitted)); *Morales v. Rochdale Vill., Inc.*, No. 15-CV-502-SJB, 2019 WL 9197991, at *7 (E.D.N.Y. Dec. 6, 2019) (revising FLSA and NYLL settlement and notice to "ma[k]e clear that FLSA rights are not affected unless a FLSA Opt-In and Consent Form is filed").

2.      The Settlement Documents also suffer from drafting deficiencies.  For example, the second paragraph of Section II of the proposed Claim Form includes the following language: ". . . to receive payment under the settlement *as a member of the New York class (as defined in the Notice)*, you must sign this Claim Form and return it . . . ." (emphasis added).  No "New York class," however, is actually defined in the Notice.  Rather, the Notice, at page 2 (in the box

relating to the option of "submit[ting] a claim form"), merely refers to "the New York class," without defining it.  Compounding the problem, the next box down, on the same page of the Notice, refers to "the settlement class" (at the left) and "the FLSA collective" (at the right), without explaining the difference.  That same box also refers to "the class time *periods*" (emphasis added), and the next box beneath that states, "You may exclude yourself from the settlement *classes*" (emphasis added), without explanations as to why plurals are being used. Meanwhile, Section II of the Settlement Agreement defines a single settlement class, referred to as "the 'Class,'" although Section IV(E)(1), in describing the "settlement amount," refers to an amount that will include "all settlement payments to class and collective members."  Essentially, even though the parties are proposing a single settlement fund, covering all claims based on the same payment formula, the parties have failed to explain in the Settlement Documents that the proposed Settlement Agreement is actually a hybrid agreement, covering both a NYLL class and an FLSA collective, and counsel's careless drafting on this point is likely to lead to confusion on the part of potential class and collective members.

3.      In addition to the problem identified in paragraph 1, above, the first paragraph on page 2 of the Claim Form states, "If you fail to submit your Claim Form by that date *or exclude yourself from the settlement by filing a request to do so*, your claim will be rejected and you will not receive any payment in connection with the settlement, but *you will be bound by the terms of the settlement approved by the Court*" (emphasis added).  It is incorrect that a person who requests to be excluded from the settlement would then be bound by it.

4.      For clarity, the last sentence of Section IV(C)(10) of the Settlement Agreement should insert "in order to receive payment" after "Class members who previously opted into the FLSA collective will not be required to submit any claim form."

4

5.      For clarity, Section II of the Claim Form should state that any person who previously opted into the collective need not return that form in order to receive payment.

6.      As this case is no longer pending before Judge Ramos, the Case Number for this action should be identified on all Settlement Documents, including but not limited to on page 3 of the Notice, as:  Case No. 14cv02451 (DF).

7.      Any person who wishes to act, without counsel, to file an objection to the proposed settlement should be instructed to follow the *pro se* filing directions that are available on the Court's website.  Counsel should be aware that, during the pandemic, *pro se* filings may be made by mail, by drop-box, or by email, provided they comply with the Court's instructions. *See* https://nysd.uscourts.gov/sites/default/files/2020-05/2020-05-07-FAQ-self-representation-pandemic.pdf.  For clarity, the relevant instructions on the Court's website should be spelled out, with specificity, in the section of the Notice regarding how recipients of the Notice may assert objections.

In light of the above, it is hereby ORDERED that the parties shall address the issues identified herein by the Court – and, as previously directed, *shall review the Settlement Documents in their entirety, with care, to ensure that they will otherwise be clear to potential class and collective members* – and resubmit the parties' proposed Settlement Agreement, Notice, and Claim Form for the Court's further review.  The Court will defer ruling on the

parties' motion for preliminary approval of the settlement, pending its receipt of the modified

Settlement Documents.

Dated:  New York, New York
        August 18, 2020

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

All counsel (via ECF)