UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KITIPONG RODPRACHA, *et al.*,

                Plaintiffs,

-against-

PONGSRI THAI RESTAURANT CORP., *et al.*,

                Defendants.

14cv02451 (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

On February 11, 2021, the Court ordered Plaintiffs' counsel, Troy Law, PLLC ("Troy Law"), to show cause, no later than February 26, 2021, why the Court should not either (a) dismiss this putative class action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, or (b) at a minimum, make a finding under Rule 23 that Troy Law is not adequate to represent the interests of a class in this action, either for settlement or trial. (Dkt. 125.)  On February 26, 2021, Aaron B. Schweitzer, Esq. ("Schweitzer"), of Troy Law, submitted a lengthy letter to the Court (Dkt. 126), arguing that the factors relevant to a Rule 41(b) determination do not support dismissal, and that Troy Law's dedication to the case and, in particular, the efforts and experience of its principal attorney, John Troy, Esq. ("Troy"), warrant the firm's appointment as class counsel.

The Court has reviewed Troy Law's submission, and, as a preliminary matter, takes issue with some of the representations made by Schweitzer in his recounting of the procedural history of this case, or with the way he has tried to "spin" that history.  For example, although this point is fairly minor, it should be noted that, for the three-month period after the parties made their initial settlement submission, this Court's Chambers did *not*, as Schweitzer states, repeatedly

inform Troy Law, upon inquiry, that this Court had that submission on its "radar" (*id.*, at 2); to the contrary, when counsel contacted this Court's Chambers to inquire about the status of the motion, counsel was informed that the motion was not then pending before this Court, as, at that time, the parties had not consented to this Court's jurisdiction, under 28 U.S.C. § 636(c).

The Court also notes that, although Schweitzer has provided an explanation as to why both he and Defendants' counsel were unable to take notes during the conference call held with the Court on January 31, 2020, he has glossed over the fact that, if, after the conference, he was unable to recall what was said, then he could have promptly sought a transcript or, if none were available, requested a follow-up call, so that the settlement papers could then have been modified and resubmitted in a timely fashion.  Instead, Schweitzer said nothing for more than five weeks, until this Court finally acted to deny the then-pending motion without prejudice.  Only *then* did Schweitzer seek to raise with the Court that counsel were having trouble remembering what had transpired at the January conference.

More generally, this Court has a great deal of difficulty accepting that, following the Court's last conference with counsel in September 2020, Troy Law undertook to work on this case "on a near-constant basis," as Schweitzer represents.  (Dkt. 126, at 4.)[1]  The Court notes that the firm has submitted no attorney time records to back up this assertion, and, with respect to the

---

[1] On this point, the Court notes that the sheer number of cases that the firm has chosen to take on (*see* Declaration of John Troy, dated Sep. 18, 2019 (Dkt. 115) ¶¶ 8-10 (listing hundreds of cases filed over the past few years)), coupled with the small size of the firm, make it highly unlikely that the firm has been able to give "near-constant" attention to any one of its cases, *see Ke v. J R Sushi 2 Inc.*, No. 19cv7332 (PAE) (BCM), 2021 WL 965037, at *1 (S.D.N.Y. Mar. 15, 2021) (noting that, according to its website, Troy Law employs just three attorneys and yet handles more than 300 cases, and finding – with specific reference to Troy Law – that "a law firm which is so overstretched that it has 'no room' to attend to basic discovery obligations . . . cannot adequately represent its [] clients").

tasks performed over the five months in question, Schweitzer recites only the following: (1) that he spent two hours on the case on September 23 (the date of the Court's last conference); (2) that, three-and-a-half weeks later, on October 11, he spent three hours revising the proposed settlement documents; (3) that he finally emailed his revisions to opposing counsel over a week after that, on October 20; (4) that, after nearly *six more weeks*, he tried, on November 29, to solicit comments from opposing counsel by email, but received no response, and similarly received no response to a voicemail message he left on December 1 and a follow-up email he sent on December 2; (5) that, after finally speaking with opposing counsel on December 18 (nearly three months after the Court's conference), and after opposing counsel suggested using a different form of notice than had previously been submitted, he "radically revised" the proposed class notice on January 8, 2021, securing opposing counsel's approval to resubmit the revised version two weeks after that, on January 25, 2021 (by then, four months after the Court's conference); and (6) that he then again "radically revised" the notice, as well as the supporting memorandum of law on February 2, and continued to review and revise the proposed settlement papers "through February 17." (Dkt. 126, at 3-4.) Such sporadic work cannot be fairly characterized as "near-constant" effort.

Moreover, the copies of the settlement documents that Schweitzer has attached to his letter (Dkts. 126-1 through 126-8), "for the sole purpose of showing that [Troy Law] ha[s] continued to work on them" (Dt. 126, at 4 n.2) do not give the Court added confidence in the firm. While it is evident that counsel has, in fact, undertaken to make fairly extensive revisions to the parties' earlier submissions, the Court questions the judgment displayed by the firm's decision to place a number of self-described "draft" documents on the Court's public Docket. Not only do the documents presumably reflect settlement-related discussions between the parties,

but one of the documents (a revised draft notice to the settlement class) is actually a redlined draft that contains what the Court assumes to be confidential comments by counsel. (*See* Dkt. 126-6, at 3 (showing crossed-out section, and stating, in the margin, "I think this is wrong on its face, and also likely to trip the judge's 'it's too complicated' alarm. . . .").)

Finally, the Court notes that, in his descriptions of the deficiencies in the parties' settlement papers, Schweitzer has seemingly sought to minimize the significance of the problems that the Court identified in each set of submissions that the parties made. These problems did not merely reflect imprecision or imperfection in drafting, but rather errors of both fact and law, combined with inconsistences and a substantial lack of clarity in the instructions that would have been provided to members of the FLSA collective and potential members of the Rule 23 class.

Upon the Court's review of Schweitzer's letter, and for the reasons stated herein and in the Court's February 11, 2021 Order To Show Cause (familiarity with which is assumed), it is hereby ORDERED as follows:

      1.      Despite the myriad performance issues of Troy Law that the Court has identified, it nonetheless finds that, in the totality of the circumstances presented, it would be an unduly harsh result to dismiss this case under Rule 41(b) for failure to prosecute, and it declines to do so. In reaching this decision, the Court has given particular weight to the fact that, as Troy Law argues, less harsh alternatives exist to address those performance issues. (*See* Dkt. 126, at 6 (arguing that, in lieu of dismissal, this Court could restore this case to the trial calendar or deny Troy Law's appointment as class counsel, as "either would relieve the Court of this case being stalled on its calendar, while not depriving Plaintiffs and the opt-in Plaintiffs of their opportunity to be heard").)

2.  The Court does find that Troy Law is not adequate to represent the putative class, either for settlement or trial, precluding class certification for either purpose. *See* Fed. R. Civ. P. 23(e), (g). According to Schweitzer, it would be appropriate to appoint Troy Law class counsel because John Troy, Esq. (the head of the firm) has done "substantial" work on this case, has "advocated fiercely" for his clients (who still wish to have him serve as their counsel), and is both "knowledgeable" and "highly experienced in handling complex litigation" like this multi-plaintiff wage-and-hour case. (Dkt. 126, at 6-7.) These arguments matter little, when, to the Court's knowledge, *Schweitzer* has been the one handling this litigation for at least the last year and a half, and recently represented to another judge in this District that he "is the lead trial counsel in all the [Troy Law] cases." *Ke*, 2021 WL 965037, at *1. In any event, the Court shares the broader concern that has been expressed by other judges, in this district and elsewhere, that, regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests. *See, e.g.*, *Lin v. Shanghai Original, Inc., dba Joe's Shanghai, et al.*, No. 19-3782, 2021 WL 864711, at *10 (2d Cir. Mar. 9, 2021) (affirming district court's exercise of discretion in decertifying class based on inadequacy of Troy Law as class counsel, where the "record [was] replete with counsel's shortcomings," and where Troy Law's "representation of the class fell woefully short of the skilled and zealous representation expected of class counsel under Rule 23(g)"); *see also Ke*, 2021 WL 965037, at *2 and n.1 (collecting cases where firm was criticized or sanctioned for, *inter alia*, failing to comply with court deadlines or rules). Thus, absent a proposal of substituted class counsel, the Court will no longer consider a Rule 23-based settlement of this action. Nor will it entertain a motion by Troy Law to certify a class for trial.

3.  The Court notes that, in his letter in response to the Order To Show Cause, Schweitzer indicates that, in December 2020, John Troy made inquiries to see if the law firm of Outten & Golden, a firm with class-action expertise in employment cases, would be interested in assuming the role of "co-counsel" in this action.  (*See* Dkt. 126, at 7 ("We would welcome . . . Outten & Goldens resources towards finally resolving this case.").)  If Troy Law seeks to have Outten & Golden, or another firm, join it as counsel for Plaintiffs and, in particular, take on the proposed role of class counsel (either for settlement or trial), then counsel should make that application through an appropriate submission.  Plaintiffs should be aware, however, that the Court would expect any further submission of a proposed class-action settlement to contain an affidavit or declaration from new counsel, confirming that it is proposing to serve as class counsel in overseeing the settlement, that it is qualified to do so, and that it has independently reviewed the proposed settlement agreement and is prepared to recommend it to the Court for approval, both in form and substance, including with respect to any attorneys' fees component.

4.  Absent further developments, the Court will assume that this case is ready to proceed to a bench trial (as there has been no jury demand), on the basis of the claims of the named plaintiffs and those who have opted into the FLSA collective.  Joint pretrial submissions, in accordance with the Court's Individual Practices, shall be made no later than May 28, 2021.  A final pretrial conference will be held by telephone on June 15, 2021, at 10:00 a.m.; for that conference, the parties should use the following Toll-Free Number:  (877) 411-9748, and Access Code:  9612281.  Trial shall commence on July 14, 2021, and, if any parties will need an interpreter to testify or to understand the testimony that is given, then the parties will be responsible for arranging for a certified interpreter to participate in the trial.  Although the Court is hopeful that the pandemic-related restrictions currently in place at the Courthouse will be lifted

by the date of trial, it recognizes that the parties will need to know if they should be preparing for an in-person or a remote trial.  Accordingly – and in light of the number of likely participants in the trial – if the Court's restrictions on social distancing within the courtrooms are not lifted by May 28, then the parties may assume that the trial will be held by remote means.  For a remote trial, the parties should select and retain a host vendor, after consultation with the Court's Chambers regarding technological options, and a representative of that vendor should plan to appear at the final pretrial conference on June 15, together with counsel, so that trial logistics may be addressed.

Dated:  New York, New York
       March 22, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

<u>Copies to</u>:

All counsel (via ECF)